Damian P. Richard, Esq. (SBN 028477)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
drichard@sessions-law.biz

Attorneys for Gatestone & Co. International, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EMERALD ALLEN,<br><br>              Plaintiff,<br><br>    vs.<br><br>GATESTONE & COMPANY INTERNATIONAL, INC. and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.  2:14-cv-02210-DJH<br><br>DEFENDANT, GATESTONE & CO. INTERNATIONAL, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES |

Defendant, Gatestone & Co. International, Inc. (Gatestone), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Emerald Allen (plaintiff), and states:

**JURISDICTION**

1. Gatestone admits plaintiff purports to bring this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and Arizona

state law, but denies any violations, liability or wrongdoing under the law.  Except as specifically admitted, Gatestone denies the allegations in ¶ 1.

2. Gatestone admits this Court has jurisdiction.  Except as specifically admitted, Gatestone denies the allegations in ¶ 2.

3. Upon information and belief, Gatestone admits venue is proper.  Except as specifically admitted, Gatestone denies the allegations in ¶ 3.

## PARTIES

4. Upon information and belief, Gatestone admits the allegations in ¶ 4.

5. Gatestone admits part of its business is the collection of debts and it has an office located at 455 N. Third Street, Ste. 260, Phoenix, AZ 85004.  Except as specifically admitted, Gatestone denies the allegations in ¶ 5.

6. Gatestone denies the allegations in ¶ 6.

7. Gatestone denies the allegations in ¶ 7.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Gatestone denies the allegations in ¶ 8.

9. Gatestone denies the allegations in ¶ 9 as calling for a legal conclusion.

10. Gatestone admits an account in plaintiff's name was placed with Gatestone for collection.  Except as specifically admitted, Gatstone denies the allegations in ¶ 10.

11. Gatestone denies the allegations in ¶ 11 as calling for a legal conclusion.

12. Gatestone denies the allegations in ¶ 12.

13. Gatestone denies the allegations in ¶ 13.

14. Gatestone denies the allegations in ¶ 14.

15. Gatestone denies the allegations in ¶ 15.

16. Gatestone denies the allegations in ¶ 16.

17. Gatestone denies the allegations in ¶ 17.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

18. Gatestone reasserts the foregoing as if fully set forth herein.

19. Gatestone denies the allegations in ¶ 19.

20. Gatestone denies the allegations in ¶ 20.

21. Gatestone denies the allegations in ¶ 21.

22. Gatestone denies the allegations in ¶ 22.

23. Gatestone denies the allegations in ¶ 23.

24. Gatestone denies the allegations in ¶ 24.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25. Gatestone reasserts the foregoing as if fully set forth herein.

26. The Restatement of Torts, Second, § 652(b) speaks for itself and is the best evidence of its contents, to the extent the allegations in ¶ 26 state otherwise, they are denied.

27. Gatestone denies the allegations in ¶ 27.

28. Gatestone denies the allegations in ¶ 28.

29. Gatestone denies the allegations in ¶ 29.

30. Gatestone denies the allegations in ¶ 30.

31. Gatestone denies the allegations in ¶ 31.

32. Gatestone denies the allegations in ¶ 32.

## **GATESTONE'S AFFIRMATIVE DEFENSES**

1. To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. Gatestone denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of Gatestone's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, wavier and/or unclean hands.

4. Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5.	Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Gatestone and were beyond the control or supervision of Gatestone or for whom Gatestone was and is not responsible or liable

6.	Plaintiff has failed to state a claim against Gatestone upon which relief may be granted.

Dated: November 17, 2014.

         SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

         */s/ Damian P. Richard*
         Damian P. Richard
         Attorney for Defendant
         Gatestone & Co. International, Inc.